**Dated: March 24, 2009**
**The following is SO ORDERED.**

_____
G. Harvey Boswell
**UNITED STATES BANKRUPTCY JUDGE**

_____



**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**
_____

In re Optima University, LLC            Case No. 09-11212

Debtor(s).                              Chapter 11
_____

**ORDER AND NOTICE OF CASE MANAGEMENT CONFERENCE**
_____

     Please take notice that the Court will conduct a Case Management Conference pursuant to 11 U.S.C. § 105(d), on April 15, 2009 at 9:30 a.m. in Courtroom 342 at 111 S. Highland, Jackson, Tennessee. A representative of the Debtor and the attorney for the Debtor are directed to attend. Creditors and other parties in interest may, but are not required to attend.

     The purpose of the Case Management Conference is to allow the Court, together with the parties, to establish and implement a sound and effective case management program in order to expedite the administration of this Chapter 11 case, to discourage unnecessary litigation, and to explore and attempt to facilitate the early resolution of disputes, where practicable and possible.

     As the result of the case management conference, the Court may issue an order prescribing such terms and conditions as the Court deems appropriate to ensure the just and speedy administration of this Chapter 11 case, which may include provisions that:

1.    Set a date by which the Debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;

2.    Discuss a date and fix the scope and format of the notice to be provided

ORDER AND NOTICE OF CASE MANAGEMENT CONFERENCE
Page 2

        regarding the hearing to consider the disclosure statement; and further discuss whether or not the hearing on the approval of this disclosure statement will be combined with the hearing on confirmation of the plan;

3. Enforce the requirements of the Debtor appearing at the section 341(a) meeting of creditors and timely filing monthly operating reports and paying all fees statutorily required under 28 U.S.C. § 1930 (e.g., quarterly fees owed to the United States trustee and notice fees owed to the Bankruptcy Court Clerk); and

4. Set a date for the Debtor to file an estimate of anticipated administrative expenses.

In addition, the Court may consider the following:

1. In the event an unsecured creditors committee has not been appointed by the United States trustee pursuant to 11 U.S.C. § 1102(a), whether or not efforts should be made to solicit holders of unsecured claims to serve on such a committee;

2. Application and orders pursuant to 11 U.S.C.§ 327(a) to employ professional persons;

3. The handling of applications for compensation pursuant to, for example, 11 U.S.C. §§ 330, 331, 365, 503 and 506(b);

4. The handling of future motions, if any, to appoint an examiner or trustee, for relief from the automatic stay, for adequate protection, to dismiss or convert the bankruptcy case, etc., and complaints, if any, to recover accounts receivable, preferential transfers, fraudulent conveyances, or to avoid liens, or to determine the dischargeability of particular debts, etc.;

5. The operation of the Debtor's business (including the filing of post-petition tax returns and the payment of post-petition taxes and other debts;

6. A preview of the Debtor's anticipated Chapter 11 plan (whether of reorganization or liquidation), anticipated funding of the plan, and the need to shorten or lengthen the periods of exclusivity;

7. The need for scheduling of regular hearing days to avoid unnecessary requests for expedited or emergency relief;

8. The need, if any, for adopting special procedures for managing potentially protracted proceedings;

9. The need for further Case Management Conferences; and

10. Any other matters deemed relevant and appropriate.